```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAYMOND FARZAN,

                    Plaintiff,                      12 Civ. 1217 (RJS) (JLC)

        - against-                                  REPORT AND
                                                    RECOMMENDATION
WELLS FARGO BANK, et al.,

                    Defendants.
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/13

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Richard J. Sullivan, United States District Judge:**

Pro se Plaintiff Raymond Farzan ("Farzan") brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), alleging employment discrimination, retaliation, and defamation. Among these claims, Farzan alleges that Defendant Amy Bernard ("Bernard") made defamatory remarks about him in a submission to the Equal Employment Opportunity Commission ("EEOC"). Bernard moves to dismiss this claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, I recommend that Bernard's motion be granted.[1]

---

[1] The motion initially sought dismissal of the claims against both Bernard and another defendant, Christine McDonald ("McDonald"). (See Motion to Dismiss, dated November 19, 2012 (Dkt. No. 44), at 1). However, on December 21, 2012, the claims against McDonald were dismissed by stipulation of the parties, thus mooting this motion as to McDonald. (See Stipulation and Order of Dismissal with Prejudice (Dkt. No. 55), at 1).

1


USDC SDNY DATE SCANNED 1/25/13

## I.     BACKGROUND

**A.     Farzan's Employment at Wells Fargo**

Farzan was born in Iran and is 62 years old. (Am. Compl., "The Parties" ¶ 1). From January 19, 2010 until November 8, 2011, Farzan worked for Defendant Wells Fargo Bank, N.A. ("Wells Fargo") as a Technical Consultant and/or Business Systems Consultant in Manhattan. (Am. Compl., "Facts" ¶¶ 8, 41). Wells Fargo classified Farzan as a temporary, or "contingent" worker. (See Am. Compl., Ex. O at 1). Although the record is unclear regarding the exact length of Farzan's initial contract, he appears to have been hired for either a 12- or 18-month term, which was later extended to 24 months. (See id. at 1, 2 & n.3, 4; Am. Compl., Ex. C at 2). During this time, Farzan was paid through an outside staffing agency, Defendant Genesis 10 ("Genesis"). (See Am. Compl., "Facts" ¶ 15; Am. Compl., Ex. O at 3).

Farzan alleges that Wells Fargo was happy with his performance and expressed interest in finding a more permanent position for him. (Am. Compl., "Facts" ¶¶ 17-19, 21). Between November 2010 and October 2011, Farzan and his supervisors discussed several potential positions for Farzan within the company. (Am. Compl., "Facts" ¶¶ 19, 21-22, 28, 31-32). However, Farzan was eventually informed that his employment at Wells Fargo would end when his contract expired on December 31, 2011. (Am. Compl., "Facts" ¶ 34).

On October 27, 2011, one day after he learned that he would not be offered a permanent position at Wells Fargo, Farzan filed an EEOC complaint. (Am. Compl., Ex. F; see also Am Compl., "Facts" ¶ 37). In his complaint, Farzan alleged that Wells Fargo had discriminated against him by offering a permanent position as a Business Systems Consultant to a younger white woman, but not to him. (See Am. Compl., Ex. F (EEOC Intake Questionnaire at 2)). Farzan also claimed that he was treated differently than other employees, id., and that one of his

2

supervisors "humiliated and harassed" him by singling him out for criticism in an email that was "copied to many people." (Id. ("attachment to EEOC Intake Questionnaire" at 4)). Farzan pointed out that he was the "oldest person and the only Iranian/Arab" on his team. (Id. (EEOC Intake Questionnaire at 2)).

Farzan's employment was terminated on November 8, 2011, approximately seven weeks before his contract expired. (Am. Compl., "Facts" ¶ 41). The reasons for Farzan's early termination are disputed. In its submission to the EEOC, Wells Fargo asserted that Farzan became belligerent in his continuing attempts to secure a permanent position. (Am. Compl. Ex. O at 1, 3). Farzan alleges that he acted professionally, but was terminated in retaliation for his EEOC complaint and due to bias. (Am. Compl., "Facts" at ¶ 63).

**B.    Farzan's Claim Against Defendant Bernard**

Wells Fargo assigned Amy Bernard, an "EEO Consultant" based in North Carolina, to conduct an internal investigation into Farzan's EEOC complaint. (Am. Compl., "Facts" at ¶¶ 56, 70; see also Letter from Michelle E. Phillips to Judge Cott dated December 17, 2012, Ex. B (Affidavit of Amy Bernard) ("Bernard Aff."), at ¶¶ 2-5 (Dkt. No. 57)).[2] Under the supervision of Wells Fargo's legal department, Bernard interviewed Farzan's supervisors and wrote Wells Fargo's response letter to the EEOC. (Bernard Aff. ¶¶ 8-13; see also Am. Compl. Ex. O). In the

---

[2] Bernard's affidavit was submitted to the Court regarding a separate dispute as to whether Bernard could be deposed, not in support of the current motion to dismiss. I do not rely on Bernard's affidavit in resolving the motion to dismiss, but merely cite to it for added context in describing Bernard's role in the investigation of Farzan's EEOC complaint. Should the Court wish to consider the affidavit more formally, however, I note that Wells Fargo properly gave Farzan notice as a pro se litigant that the Court might treat this motion as one for summary judgment under Rule 56, and therefore could consider the Bernard affidavit on the merits of Farzan's claim. (See Defendants' Local Rule 12.1 Notice to Pro Se Litigant, filed November 20, 2012 (Dkt. No. 47)).

response letter, Bernard claimed that Farzan was terminated in October 2011 because he "did not professionally handle the impending conclusion of [his] temporary assignment." (Am. Compl., Ex. O at 2). Bernard wrote that Farzan tried to "bully his way into a[] contract extension by arguing with managers" and was seen as "aggressive," "belligerent," "accusatory," and "hostile." (Id. at 1-3, 5).

Farzan alleges in his amended complaint that Bernard's statements to the EEOC were false and defamatory. (Am. Compl., "Facts" ¶ 58; Letter from Raymond Farzan to Judge Cott, dated December 21, 2012 ("Plaintiff's Opposition" or "Pl.'s Opp."), at 2-6) (to be docketed). He asserts that Bernard had no basis to say that he was hostile or aggressive, and that these sentiments reflect Bernard's own biases and "stereotypes . . . about a Muslim man who was born in Iran." (Pl.'s Opp. at 6).

### C. Procedural History

Farzan filed his EEOC complaint against Wells Fargo on October 27, 2011. (See Am. Compl., "Facts" ¶ 37). On February 15, 2012, Farzan filed suit in this Court, bringing employment discrimination claims under Title VII, NYSHRL, NYCHRL, and the ADEA. (Complaint, dated Feb. 11, 2012 (Dkt. No. 1)). On June 5, 2012, the EEOC dismissed Farzan's complaint, stating that its investigation was inconclusive. (Am. Comp., Ex. M; see also Am. Compl., "Facts" ¶ 47). Farzan then amended his complaint in this Court on June 21, 2012 to add a claim against Bernard for defamation under "New [York] State" and "Federal" slander and libel laws. (See Am. Compl., "The Parties" ¶ 5; id., "Jurisdiction"; id., "Facts" ¶¶ 58, 70).

On November 20, 2012, Bernard moved to dismiss Farzan's complaint for failure to state a claim upon which relief can be granted. (See Memorandum of Law in Support of Wells Fargo Defendants' Motion to Dismiss, dated November 19, 2012 (Dkt. No. 46)). In a letter dated

4

December 6, 2012, Farzan requested an extension of time to file his response.  (Letter from Raymond Farzan to Judge Cott (Dkt. No. 51), at 1).  On December 10, 2012, the Court granted the extension, but also encouraged Farzan to consult the decisions in Allen v. St. Cabrini Nursing Home, Inc., No. 00 Civ. 8858 (CM), 2001 WL 286788, at *6 (S.D.N.Y. Mar. 9, 2001) and Hinds v. Magna Fabrics, Inc., No. 96 Civ. 1383 (DC), 1997 WL 309378, at *5 (S.D.N.Y. June 9, 1997), for guidance.  (See Order, dated December 10, 2012 (Dkt. No. 52), at 2).  On December 21, 2012, Farzan submitted a letter brief which the Court construes as his opposition to the motion to dismiss.  (See generally Pl.'s Opp.).  In his opposition, Farzan explained the factual basis for his claim that Bernard made false statements in Wells Fargo's response letter to the EEOC.  (Id. at 2-6).  Farzan also argued that in making the allegedly false statements, Bernard discriminated against him.  (Id. at 5).[3]  Bernard filed a reply on January 4, 2013.  (Reply Memorandum of Law in Further Support of Wells Fargo Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 61)).

## II.    DISCUSSION

### A.    Standard of Review

Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a complaint upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, a court accepts all factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor.  See, e.g., Pension Comm. of Univ. of Montreal

---

[3] To the extent that Farzan wishes to bring an employment discrimination claim against Bernard, any such claim must fail because it is undisputed that Bernard's only involvement in Farzan's employment was the investigation of, and response to, his EEOC claims.  See, e.g., Davis-Bell v. Columbia Univ., 851 F. Supp. 2d 650, 687-88 (S.D.N.Y. 2012) (individual defendants cannot be held liable for employment discrimination unless they "actually participate[]" in conduct giving rise to discrimination claim) (citations omitted).

Pension Plan v. Banc of Am. Sec. LLC, 568 F.3d 374, 381 (2d Cir. 2009).  To survive dismissal, enough facts must be pleaded "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Facial plausibility exists when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

In the case of a pro se plaintiff such as Farzan, pro se status "does not . . . excuse a plaintiff from compliance with the pleading standards of the Federal Rules of Civil Procedure."  Jenkins v. New York City Dep't of Educ., No. 10 Civ. 6159 (BSJ) (THK), 2011 WL 5451711, at *3 (S.D.N.Y. Nov. 9, 2011).  However, pro se complaints "are held to less stringent standards than pleadings drafted by attorneys, and the court must read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests."  Guerrero v. FJC Sec. Services Inc., No. 10 Civ. 9027 (JPO), 2012 WL 2053535, at *2 (S.D.N.Y. June 5, 2012) (citation omitted).  Here, Farzan alleges that the language used by Bernard in her submission to the EEOC on Wells Fargo's behalf was "slander[ous] and [constituted] libel[.]"  (Am. Compl., "Facts" ¶ 70).  The Court construes these allegations as a claim for defamation.  Accordingly, Farzan must allege that there was "(1) a false statement, (2) published without privilege or authorization to a third party, (3) constituting fault as judged by, at a minimum, a negligence standard, and (4) causing special harm or constituting defamation per se."  Bernstein v. Seeman, 593 F. Supp. 2d 630, 635 (S.D.N.Y. 2009) (citation omitted).

In ruling on Bernard's motion to dismiss, this Court may consider not only the amended complaint, but also "those documents attached to the pleadings as an exhibit or any statements or documents incorporated in the Complaint by reference, and . . . any documents that are integral

to the Complaint or an appropriate subject for judicial notice." D'Antonio v. Metro. Transp. Auth., No. 06 Civ. 4283 (KMW), 2008 WL 582354, at *3 n.6 (S.D.N.Y. Mar. 4, 2008) (citing Global Networks Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154-56 (2d Cir. 2006)). Moreover, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir.1995) (per curiam)).

**B.     Farzan's Defamation Claim Against Bernard Is Without Merit**

"It is well settled in New York . . . that statements made in quasi-judicial proceedings, including proceedings by agencies such as the EEOC, are protected by an absolute privilege." Hinds, 1997 WL 309378, at *5 (citing Meyers v. Amerada Hess Corp., 647 F. Supp. 62 (S.D.N.Y. 1986)).  The "complete immunity for such statements" exists because of "the public interest in the freedom . . . to 'speak with that free and open mind which the administration of justice demands.'" D'Annunzio v. Ayken, Inc., No. 11 Civ. 3303 (WFK) (WDW), 2012 WL 2906248, at *4 (E.D.N.Y. July 17, 2012) (quoting Youmans v. Smith, 153 N.Y. 214, 47 N.E. 265 (1897)).  Thus, in order to encourage open communication both in the judicial process and in quasi-judicial proceedings (such as those before the EEOC), any statements made during such proceedings become privileged and will not support a defamation claim. Hinds, 1997 WL 309378, at *5.

Here, it is undisputed that Bernard's statements about Farzan occurred in the context of an administrative proceeding before the EEOC.  Moreover, Bernard's statements were directly related to one of the issues that the EEOC had been asked to decide: namely, the reasons for

Farzan's termination.  See Bernstein, 593 F. Supp. 2d at 636 (statements made to EEOC "are absolutely privileged so long as they are material and pertinent to the questions involved") (internal citation and quotation omitted); see also Meyers, 647 F. Supp. at 66.  Under these circumstances, as a matter of law, Bernard's statements to the EEOC cannot give rise to a claim for defamation.  Bernstein, 593 F. Supp. 2d at 636; Witchard v. Montefiore Med. Ctr., No. 05 Civ. 5957 (JSR), 2006 WL 2773870, at *11 (S.D.N.Y. Sept. 26, 2006); Allen, 2001 WL 286788, at *6; Hinds, 1997 WL 309378, at *5.[4]

### III.  CONCLUSION

As Bernard's statements to the EEOC are privileged and therefore cannot form the basis of a defamation claim, I recommend that the Court dismiss Farzan's claim against Bernard.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard Sullivan and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Sullivan.  **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE**

---

[4] Farzan suggests in his opposition that if his claim against Bernard is dismissed, he will consider filing a separate complaint against Wells Fargo and Bernard "for this specific matter."  (Pl.'s Opp. at 6).  Such a complaint would be without any merit for the reasons set forth herein, as well as barred by the doctrine of res judicata.

**APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: New York, New York
January 25, 2013

/s/ James L. Cott
JAMES L. COTT
United States Magistrate Judge

**A copy of this Report and Recommendation has been sent to:**

Raymond Farzan
P.O. Box 426
Middletown, NJ 07748