UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————

No. 12 Civ. 1217 (RJS)

———————————

RAYMOND FARZAN,

Plaintiff,

VERSUS

WELLS FARGO BANK, N.A., *et al.*,

Defendants.

———————————

MEMORANDUM AND ORDER
June 11, 2013

———————————

RICHARD J. SULLIVAN, District Judge:

Plaintiff Raymond Farzan, *pro se*, brings this action against Wells Fargo Bank, N.A. ("Wells Fargo"), several Wells Fargo employees, and technology firm Genesis10, alleging employment discrimination under federal, state, and local law, as well as defamation under state common law. Now before the Court is a motion to dismiss all claims against Defendant Amy Bernard ("Bernard"), a Wells Fargo employee. For the reasons set forth below and in the Report and Recommendation (the "Report" or "Rep.") of the Honorable James L. Cott, Magistrate Judge, the Court grants Bernard's motion.

I. BACKGROUND

A. Facts

Plaintiff is an Iranian-American who was hired in January 2010 to serve as a "senior business analyst" for Genesis10, which provided temporary consultant services to Wells Fargo.[1] (Am. Compl. Parties ¶¶ 1, 3, Facts ¶¶ 1–3, Exs. B, C.) In November 2010, Defendant Brenda Altenburg – a "technology manager" at Wells Fargo (*id.* Parties ¶ 4) – offered Plaintiff a full-time position with Wells Fargo (*id.* Facts ¶¶ 19–20). The position paid

---

[1] The facts are taken from the Amended Complaint ("Am. Compl.") and the exhibits attached thereto. Rather than using sequentially numbered paragraphs, Plaintiff divides the Amended Complaint into two sections, each with separately numbered paragraphs, that describe the parties in this action and set forth Plaintiff's allegations of fact. To avoid confusion, the Court will refer both to the section of the Amended Complaint ("Parties" or "Facts") and the paragraph number within that section.   In addition to the Amended Complaint, the Court has considered the memoranda in support of Bernard's motion and Plaintiff's letter in opposition to the motion ("Pl. Opp'n"), as well as Judge Cott's Report, Plaintiff's objections to the Report ("Objections" or "Obj."), and Defendant's response to the Objections.

roughly eighty-five percent of what Plaintiff earned at Genesis10, so Plaintiff asked if he could take the position without taking a pay cut. (*Id.* Facts ¶ 21.) "Shortly after that . . . conversation," Altenberg offered the position to "a younger, white female" who took the job. (*Id.* Facts ¶ 22.) Alternberg subsequently discussed with Plaintiff the potential for his "conversion" to direct employment with Wells Fargo. (*Id.* Facts ¶¶ 22, 30–32.) However, on October 24, 2011, Altenberg informed him that there were no open positions and that Wells Fargo would cease to contract with Genesis10 for his services on December 31, 2011 due to an internal Wells Fargo policy that capped temporary employees to eighteen-month contracts, absent emergency need. (*Id.* Facts ¶ 34, Ex. E.)

On October 27, 2011, Plaintiff filed a complaint against Wells Fargo with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of race, age, gender, religion, and national origin.[2] (*Id.* Facts ¶ 37, Ex. F.) In response to the EEOC complaint, Bernard – an "EEO [equal employment opportunity] consultant at Wells Fargo" (*id.* Parties ¶ 5) – filed a Position Statement on behalf of Wells Fargo (the "Position Statement" or "Statement") with the EEOC on January 26, 2012 (*id.* Ex. O). The Statement explained that Plaintiff "was a Contingent Worker working through *Genesis 10*[,] a *temporary* staffing agency," and was not an employee of Wells Fargo. (*Id.* Ex. O at 1 (italics in original).) The Statement also detailed Wells Fargo's non-discriminatory reasons for ending Plaintiff's contract and declining to convert him to an internal employee. (*Id.* Ex. O at 3–4.) The Statement described Plaintiff's conduct as "hostile," "unprofessional," "confrontational," and "bully[ing]." (*Id.* Ex. O at 3–5.) On June 5, 2012, the EEOC issued a right-to-sue letter with respect to Plaintiff's claims against Wells Fargo. (*Id.* Facts ¶ 47, Ex. M.)

B. Procedural History

On February 15, 2012, Plaintiff commenced this action by filing a standard-form complaint for employment discrimination against Genesis10 and several of its employees.[3] (Doc. No. 1.) On June 21, 2012, after receiving the right-to-sue letter with respect to Wells Fargo, Plaintiff filed the Amended Complaint, adding Wells Fargo and several of its employees – including Bernard – as Defendants and asserting claims for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a) ("the ADEA"); the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a) (the "NYCHRL"). (Doc. No. 18.) In addition, Plaintiff asserted claims for defamation against Bernard and another non-moving Defendant, alleging that they had "insult[ed]" him by "ma[king] up . . . slanders and libels to discredit him in their response to the EEOC."[4] (*Id.*) By Order dated June 26, 2012, the Court referred the case to Judge Cott to resolve general pretrial matters and issue reports and

---

[2] Plaintiff subsequently filed an EEOC complaint against Genesis10 on November 9, 2011 (Am. Compl. ¶ 44, Ex. J), and he received a right-to-sue letter with respect to Genesis10 on November 21, 2011 (*id.* ¶ 46, Ex. L).

[3] On March 30, 2012, the Court dismissed all Genesis10 employees from this action (Doc. No. 7), except for Michelle Fowler, whom Plaintiff voluntarily dismissed from the action on August 7, 2012 (Doc. No. 26).

[4] Although Plaintiff's Amended Complaint does not explicitly seek relief for defamation, the Court liberally construes his pleadings to make out a defamation claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

recommendations on dispositive motions. (Doc. No. 14.)

On November 20, 2012, Defendants Bernard and Christine McDonald ("McDonald") filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 44 & 46.) On December 21, 2012, Plaintiff filed his opposition to the motion (Doc. No. 63) and agreed to dismiss his claims against McDonald (Doc. No. 55). Accordingly, the instant motion addresses only claims against Bernard. Bernard replied on January 4, 2012. (Doc. Nos. 60 & 61.)

Judge Cott issued his Report on January 25, 2013, concluding that all of Plaintiff's claims against Bernard should be dismissed. (Doc. No. 62.) Specifically, the Report found that any claim brought against Bernard for discrimination "must fail" because Bernard's "*only* involvement in Farzan's employment was the investigation of, and response to, his EEOC claims." (Report at 5 n.3.) The Report also recommended dismissal of Plaintiff's defamation claim because the Position Statement Bernard sent to the EEOC is protected by the absolute privilege accorded to statements made in the context of a judicial proceeding. (*Id.* at 7.) Plaintiff timely objected to the Report on February 11, 2013 (Doc. No. 65), and Bernard responded on February 22, 2013 (Doc. No. 67).

II. LEGAL STANDARD

In order to survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must "provide the grounds upon which his claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). He must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. However, if a plaintiff's allegations do not "nudge[ his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When a motion to dismiss is accompanied by a report and recommendation from a magistrate judge, a district court may accept, reject, or modify, in whole or in part, the findings or recommendations made in the report. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Further, a court may accept those portions of a magistrate judge's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate judge's findings, the court must undertake *de novo* review of such objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Although *pro se* filings are generally accorded leniency, where a *pro se* party's objections to a report and recommendation are "conclusory or general," or where a plaintiff "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted));

3

*accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 235, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### III.  DISCUSSION

Plaintiff raises two discernible objections to the Report. First, notwithstanding Judge Cott's finding that Bernard did not participate in discriminatory conduct, Plaintiff contends that Bernard "discriminated against him by providing false and distorted information to [the] EEOC to mislead them and to negatively affect the outcome of their investigation." (Obj. at 1–2.) Second, Plaintiff objects to the dismissal of his claim for defamation, asserting that it was error to dismiss the claim at this stage and that "a jury must characterize the nature of offensive and insulting remarks," not the Court. (*Id.* at 1.) The Court will apply the *de novo* standard of review to each of Plaintiff's objections.

### A.  The Discrimination Claim

Plaintiff claims that Bernard is liable for employment discrimination under Title VII, the ADEA, the NYSHRL, and the NYCHRL. It is well settled, however, that there is no individual liability under Title VII. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) ("Title VII does not impose liability on individuals."); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) ("[I]ndividuals are not subject to liability under Title VII."). Likewise, the ADEA does not impose liability on individuals. *See Wray v. Edward Blank Assocs., Inc.*, 924 F. Supp. 498, 503 (S.D.N.Y. 1996) ("[I]ndividuals in their individual capacity may not be liable under the ADEA.") (citing *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510, 511 (4th Cir. 1994); s*ee also Thorpe v. Piedmont Airlines, Inc.*, No. 12 Civ. 0063 (LEK) (DEP), 2013 WL 665041, at *7 (N.D.N.Y. Feb. 22, 2013) ("[T]here is no basis for imposing individual liability on agents of an employer under the ADEA's definition." (citation omitted)). Consequently, Plaintiff fails to state a claim against Bernard with respect to either of his federal causes of action, so they are dismissed.

Unlike Title VII and the ADEA, the NYSHRL and NYCHRL *do* apply to individual defendants. *See Schanfield v. Sojitz Corp. of Am.*, 663 F. Supp. 2d 305, 344 (S.D.N.Y. 2009). Nevertheless, individual liability under both the NYSHRL and the NYCHRL attaches only where a defendant "actually participates in the conduct giving rise to [the] discrimination." *Id.* (quoting *Feingold v. New York*, 366 F.3d 138, 157 (2d Cir. 2004)). Here, Plaintiff argues that, in preparing and submitting Wells Fargo's Position Statement (Am. Compl. Facts ¶¶ 56, 70), Bernard discriminated against him by "providing false and distorted information to [the] EEOC" (Obj. at 1–2). Of course, this allegation, even if true, does not give rise to a plausible inference that Bernard participated in discriminatory conduct, only that she submitted a *post hoc* justification for that conduct to the EEOC. The Court finds nothing in the Amended Complaint or Objections to indicate that Bernard actively discriminated against Plaintiff with regard to hiring, firing, terms of employment, or compensation. Accordingly, Plaintiff also fails to state a claim for discrimination under the NYSHRL and NYCHRL; therefore, Plaintiff's discrimination claims against Bernard under state and local law are also dismissed.

4

B. The Defamation Claim

Plaintiff also contends that Bernard is liable for defamation based on her role in drafting Wells Fargo's Position Statement. (Am. Compl. Facts ¶¶ 58, 70; Obj. at 1.) However, New York state law is quite clear that statements made in the course of an EEOC investigation are privileged and cannot form the basis of a defamation claim. *See Silver v. Mohasco Corp.*, 476 N.Y.S.2d 822, 822 (1984) (holding that statements made in the course of a government proceeding are privileged and are not a proper basis for a state law defamation claim); *see also Bernstein v. Seeman*, 593 F. Supp. 2d 630, 636 (S.D.N.Y. 2009) (concluding that statements made in an EEOC proceeding are afforded absolute immunity). This privilege protects the strong public interest in giving participants in judicial proceedings "the freedom . . . to 'speak with that free and open mind which the administration of justice demands.'" *D'Annunzio v. Ayken, Inc.*, 876 F. Supp. 2d 211, 217 (E.D.N.Y. 2012) (quoting *Youmans v. Smith*, 47 N.E. 265, 268 (N.Y. 1897)); *see Kelly v. Albarino*, 485 F.3d 664, 665–66 (2d Cir. 2007) (explaining that the privilege advances the "New York public policy intend[ed] to secure the unembarrassed and efficient administration of justice" (citations and internal quotations omitted)). Accordingly, Plaintiff has failed to allege a factual basis from which a plausible inference of defamation can be drawn.

Equally unavailing is Plaintiff's assertion that Judge Cott's recommendation of dismissal somehow usurped the role of the jury as fact finder. Because Plaintiff has not stated a claim for defamation by Bernard in the Amended Complaint, under the Seventh Amendment, he is simply not entitled to a jury trial on that claim. *See Raul v. Am. Stock Exch. Inc.*, Nos. 95 Civ. 3154 & 95 Civ. 8361 (SAS), 1996 WL 627574, at *2 (S.D.N.Y. Oct. 29, 1996) (holding that when plaintiff failed to state an actionable claim, he "never fell within the aegis of the Seventh Amendment"); *see also Slocum v. N.Y. Life Ins. Co.*, 228 U.S. 364, 369 (1913) ("[W]hen . . . the evidence, with all the inferences that justifiably could be drawn from it, does not constitute a sufficient basis for a verdict for the plaintiff . . . so that such a verdict, if returned, would have to be set aside, the court may and should direct a verdict for the [defendant]."). Accordingly, Plaintiff's insistence on a jury trial is unavailing, and his defamation claim against Bernard is dismissed.

III. CONCLUSION

Having reviewed *de novo* Plaintiff's Objections, the Court finds that they are without merit. In the portions of the Report to which Plaintiff does not specifically object, the Court finds no clear error. Accordingly, the Court adopts Judge Cott's well-reasoned and well-written Report in its entirety, and GRANTS Bernard's motion to dismiss. The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. No. 44 and to terminate Bernard as a Defendant in this action.[5]

SO ORDERED.

*(signature)*

RICHARD J. SULLIVAN
United States District Judge

Dated: June 11, 2013
       New York, New York

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-11-13

---

[5] The parties are currently briefing two summary judgment motions before Judge Cott. They shall comply with the schedules and orders issued by Judge Cott in connection with those motions.

5

* * *

Plaintiff is proceeding *pro se*.

Defendant Bernard is represented by Michelle E. Phillips and Tarek M. Maheran, Jackson Lewis LLP, One North Broadway, Fifteenth Floor, White Plains, New York 10601.

<u>A copy of this Memorandum and Order was mailed to</u>:

Raymond Farzan
P.O. Box 426
Middletown, NJ 07748