UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────

No. 12 Civ. 1217 (RJS)
───────────────────

RAYMOND FARZAN,

Plaintiff,

VERSUS

WELLS FARGO BANK, N.A., *et al.*,

Defendants.

───────────────────

MEMORANDUM AND ORDER
ADOPTING REPORT AND RECOMMENDATION
March 21, 2014

───────────────────

RICHARD J. SULLIVAN, District Judge:

Plaintiff Raymond Farzan, *pro se*, brings this action against Wells Fargo Bank, N.A. ("Wells Fargo"), Wells Fargo manager Brenda Altenburg ("Altenburg"), and Genesis10, alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a) ("the ADEA"); the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a) (the "NYCHRL"). Plaintiff also alleges defamation under state common law against Altenburg for remarks included in a submission made on behalf of Wells Fargo to the Equal Employment Opportunity Commission ("EEOC").

Now before the Court are (1) Wells Fargo and Altenburg's motion for summary judgment on all claims (Doc. No. 69); and (2) Genesis10's motion for summary judgment on all claims (Doc. No. 76). For the reasons set forth below, the Court adopts the Report and Recommendation (the "Report" or "Rep.") of the Honorable James L. Cott, Magistrate Judge (Doc. No. 90), and grants Defendants' motions for summary judgment.

I. BACKGROUND

A. Facts

The Court presumes the parties' familiarity with the facts of this action, which are thoroughly set forth in the Report. (Rep. at 2–20.)

B. Procedural History

On February 15, 2012, Plaintiff commenced this action by filing a standard-form complaint for employment discrimination against Genesis10 and several of its employees. (Doc. No. 1.) On June 21, 2012, after receiving a right-to-sue letter from the EEOC with respect to Wells Fargo, Plaintiff filed the Amended Complaint, adding claims for employment discrimination and retaliation under Title VII, the ADEA, the NYSHRL, and the NYCHRL against Wells Fargo and several of its employees. (Doc. No. 18.) In addition, Plaintiff asserted claims for defamation against individual employees. (*Id.*) On March 30, 2012, the Court dismissed all Genesis10 employees from this action (Doc. No. 7), except for Michelle Fowler, whom Plaintiff voluntarily dismissed from the action on August 7, 2012 (Doc. No. 26). By Order dated June 26, 2012, the Court referred the case to Judge Cott to oversee general pretrial matters and to issue reports and recommendations on dispositive motions. (Doc. No. 14.)

On November 20, 2012, two individual Defendants, Christine McDonald ("McDonald") and Amy Bernard ("Bernard"), filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 44.) On December 22, 2012, Plaintiff voluntarily dismissed McDonald from this action. Thereafter, Judge Cott issued his Report on January 25, 2013, concluding that all of Plaintiff's claims against Bernard should be dismissed. (Doc. No. 62.) The Court adopted the Report and granted Bernard's motion to dismiss on June 11, 2013. (Doc. No. 83.)

On April 15, 2013, following the close of discovery, the three remaining Defendants – Genesis10, Wells Fargo, and Altenburg – moved for summary judgment. (Doc. Nos. 69 & 76.) On May 31, 2013, Plaintiff filed his opposition to the motions. (Doc. No. 82.) On June 21, 2013, the Defendants filed their replies in further support of their motions for summary judgment. (Doc. Nos. 84 & 87.) Judge Cott issued his Report on December 2, 2013, concluding that Defendants' motions for summary judgment should be granted and that the Amended Complaint should be dismissed. (Doc. No. 90.) On December 20, 2013, Plaintiff filed his objections ("Objections" or "Obj.") to the Report. (Doc. No. 91.) On January 2 and 7, 2014, Defendants filed their respective responses to Plaintiff's objections. (Doc. Nos. 92 & 94.)

II. LEGAL STANDARD

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, if a court refers a dispositive motion to a magistrate judge, the "magistrate judge must enter a recommended disposition," also known as a report and recommendation. Fed. R. Civ. P. 72(b)(1). Absent specific objections, a court may accept any finding or recommendation in a report that is not clearly erroneous. *See Greene v. WCI Holdings, Corp.*, 956 F. Supp. 509, 513 (1997) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks omitted). To the extent that a party properly makes specific objections to a finding or recommendation, the court must conduct a *de novo* review of those findings or

2

recommendations. *See* Fed. R. Civ. P. 72(b)(3); *New York Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir. 1993). Where a party's objections to a report and recommendation are "conclusory or general," or where a plaintiff "simply reiterates his original arguments," the report should be reviewed for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (internal quotation marks omitted). A *pro se* party is generally accorded leniency when making objections. *See id.* However, "even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.,* No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a court should grant summary judgment on a claim "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986). A court should grant summary judgment if and only if trial is unnecessary, either because (1) a reasonable fact-finder could never accept the nonmoving party's version of the facts (that is, there are no *genuine* factual disputes) or (2) even on the nonmoving party's version of the facts, the moving party would prevail as a matter of law (that is, none of the factual disputes are *material*). *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49 (1986). In deciding the motion, a court must view all facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted). The moving party bears the burden of showing that it is entitled to summary judgment. *See Anderson*, 477 U.S. at 256.

### III. DISCUSSION

The Report recommends that the Court grant (1) Defendants motions for summary judgment on Plaintiff's employment discrimination and retaliation claims asserted under Title VII, the ADEA, the NYSHRL, and the NYCHRL, and (2) Defendant Altenburg's motion for summary judgment on Plaintiff's defamation claim.

To summarize, the Report begins by noting that, as a threshold matter, an employment discrimination claim may only be asserted against a plaintiff's employer. The Report then finds that "regardless of how Wells Fargo and [Genesis10] internally classified [Plaintiff's] employment status, they both face potential liability as [Plaintiff's] joint employers," and that Defendant Altenburg could only be liable for employment discrimination under the NYSHRL and NYCHRL if liability is established as to the employer. (Rep. at 28–31.) Next, with respect to the substance of Plaintiff's employment discrimination claims, the Report holds that (1) Plaintiff has failed to establish a prima facie case of discriminatory termination, or, in the alternative, (2) even if Plaintiff established a prima facie case of discriminatory termination, Defendants proffer a legitimate, non-discriminatory reason for his termination that Plaintiff has failed to demonstrate was pretextual. (*See id*. at 31–37.) The Report also finds that Plaintiff cannot establish a prima facie case for his claims of discriminatory failure to promote, or refusal to extend his assignment. (*See id*. at 37–45.) With respect to Plaintiff's retaliation claims, the Report finds that because Plaintiff did not engage in a protected activity, he cannot establish a prima facie case of retaliation. (*See id*. at 48–52.) Finally, turning to the defamation claim, the Report finds that summary judgment is

appropriate because absolute immunity attaches to statements made in the course of a judicial or quasi-judicial proceeding. (*See id.* at 52, 53.)

Plaintiff's Objection to the Report includes twelve pages of numbered paragraphs that purport to raise – at times incoherently – eight objections. The objections are not numbered, but there are eight separate headings throughout his submission that read as follows: (1) "Plaintiff was an employee of Defendants not a contingent worker"; (2) "Plaintiff never committed an act of insubordination while employed by Defendants"; (3) "A jury must decide the following disputed issues"; (4) "'Characteristics' of Judd, Singhal, Aggrawal, and Dahkal"; (5) "Plaintiff prima facie case of discrimination"; (6) "Wells Fargo's non-discriminatory and non-pretextual reason for my discharge was made after my discharge"; (7) "EEOC must notify respondents within 10 days after a complaint was filed"; and (8) "Wells Fargo and Alternburg [sic] are responsible for offensive remarks against me made on 1/26/2012 in a letter to EEOC." (*See* Obj. at 4, 6, 10–12, 14–16.)

As an initial matter, the Court notes that Plaintiff's Objections were filed on December 20, 2013 – eighteen days after the date the Report was docketed and mailed to Plaintiff and one day past the December 19, 2013 deadline for submitting any objections. As such the objections were not timely filed pursuant to Rules 6 and 72(b)(2) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff has waived appellate review. *See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue."). Moreover, even if these "objections" were deemed timely made, they are largely conclusory assertions that reiterate arguments already presented to Judge Cott. As such, the Court reviews the Report for clear error. Finding no clear error, the Court adopts the Report in its entirety.

The Court would reach the same result even under a *de novo* standard of review. To survive summary judgment, Plaintiff must satisfy the seminal three-part burden-shifting test set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). The plaintiff's initial burden is to prove "by the preponderance of the evidence a prima facie case of discrimination." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981). Provided the plaintiff makes out a prima facie case, "the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* at 253 (internal quotation marks omitted). If the defendant can do so, the burden shifts back to the plaintiff "to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* Although first articulated in the context of Title VII, the burden-shifting framework is also applied to discrimination claims brought under the NYSHRL and the ADEA, as well as to the more liberal standards of the NYCHRL. *See Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (NYSHRL and NYCHRL); *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001) (ADEA).

The Court agrees with the Report's finding that even if Plaintiff could make out a prima facie case of discrimination or retaliation, Defendants have articulated a legitimate, non-discriminatory reason for Plaintiff's termination that Plaintiff has failed to rebut – in essence, Plaintiff's insistence that the rules did not apply to him with respect to his status as an employee of Genesis10. Plaintiff cites no

evidence to suggest that the Defendants' asserted reason was pretextual. To the contrary, Plaintiff himself maintains that Defendants "decided to terminate Plaintiff's employment *because they perceived that [Plaintiff] believed that Wells Fargo was his only employer*." (*See* Plaintiff's Material Facts in Support of His Opposition to Defendants [sic] Summary Judgment Motions (Doc. No. 82) ¶ 143 (emphasis added).) Accordingly, Plaintiff's employment discrimination and retaliation claims cannot survive summary judgment.

With respect to Plaintiff's defamation claim, the Court has already analyzed this issue with reference to other individual Defendants in this case, and finds that summary judgment is appropriate here for the same reasons already articulated – namely that "New York state law is quite clear that statements made in the course of an EEOC investigation are privileged and cannot form the basis of a defamation claim." *Farzan v. Wells Fargo Bank, N.A.*, No. 12 Civ. 1217 (RJS), 2013 WL 2641643, at *4 (S.D.N.Y. June 11, 2013).

### IV. CONCLUSION

For the reasons set forth above, the Court adopts Judge Cott's well-reasoned Report and GRANTS Defendants' motions for summary judgment. The Clerk of the Court is respectfully directed to terminate the motions pending at docket numbers 69 and 76, and to close this case.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: March 21, 2014
       New York, New York

\* \* \*

Plaintiff Raymond Farzan is proceeding *pro se*.

Defendants Wells Fargo Bank, N.A. and Brenda Altenburg are represented by Michelle E. Phillips and Tarek M. Maheran, Jackson Lewis LLP, One North Broadway, Fifteenth Floor, White Plains, New York 10601. Defendant Genesis10 is represented by Clare Marie Sproule, Clare M. Sproule, Law Office, 3056 Riverside Drive, Wantagh, New York 11793.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3.21.14
```

<u>A copy of this Memorandum and Order was mailed to</u>:

Raymond Farzan
P.O. Box 426
Middletown, NJ 07748